CADY, Chief Justice. In this case, we must decide if the hearing conducted by the district court to determine if a juvenile offender should be sentenced to a minimum term of incarceration without eligibility for parole complied with constitutional safeguards. We conclude it did not. We vacate the decision of the court of appeals, reverse the sentence of the district court, and remand for resen-tencing. I. Background Facts and Proceedings. Khasif White was convicted and sentenced for three separate crimes of robbery in the second degree. The crimes were committed over a period of seven months, while White was seventeen years old. The first crime occurred on August 1, 2009. White shoplifted a bottle of liquor from a grocery store and assaulted a store employee who attempted to detain him. The second crime occurred on September 12, 2009. White shoplifted merchandise from a clothing store and assaulted a store employee who attempted to detain him. The third crime occurred five months later on. February 20, 2010. White assaulted another person and attempted to take money from him. On each occasion, White was aided in his crimes by other individuals. White was sentenced for his crimes on July 27, 2010. The court imposed a ten-year term of incarceration for each offense and imposed a statutory seven-year mandatory minimum period of incarceration without parole pursuant to Iowa Code section 902.12(5) (2009). The court ordered the three sentences to be served concurrently. Four years later, the statutory period of incarceration before eligibility for parole for juveniles was found to be unconstitutional without an individualized assessment by the district court. See State v. Lyle, 854 N.W.2d 378, 400-04 (Iowa 2014). On April 30, 2015, White appeared for resentencing to allow the district court to consider if he should serve the seven-year period of incarceration before becoming eligible for parole. White testified at the hearing, as did his mother. The State introduced, a summary of "White’s record of disciplinary actions while in prison. The district court concluded White should serve the seven-year period of incarceration before eligibility for parole. It primarily relied on two factors. First, it found that White’s repeated arrests for criminal behavior as a juvenile revealed he had gained an understanding of the risks and consequences, of his actions. It reasoned this greater understanding made him more mature and less impetuous. Second, it found "White’s prison record showed he had not grown more amenable to rehabilitation while in prison. White appealed and raised two claims of error. First, "White claimed the district court failed to properly consider all relevant sentencing factors, including his family and home environment. He also claimed the district court improperly considered the circumstances of his three arrests as an aggravating factor, instead of as a mitigating factor. He further argued the district court misused his prison record in considering his capacity for rehabilitation. Second, White claimed the district court had no authority to impose a minimum period of incarceration without parole under Iowa Code section 902.12 (2015). He claims the statute is unconstitutional as applied to juveniles. We transferred the case to the court of appeals. It rejected both claims of error. It concluded the district court properly considered the relevant sentencing factors. It also concluded the resentencing hearing cured the constitutional infirmity of the mandatory minimum sentencing under section 902.12. "White sought, and we granted, further review. II. Standard of Review. Our standard of review, from a decision by the district court to impose a period of incarceration without parole on a juvenile is for an abuse of discretion. State v. Roby, 897 N.W.2d 127, 137-38 (Iowa 2017). III. Application of Sentencing Factors. We recently elaborated on the role of the district court in considering the. eligibility of the juvenile offender for parole and how the primary factors relevant to the decision are to be considered at the sentencing hearing. Id. at 143-48. In particular, we emphasized the important role of expert testimony when applying-the relevant factors. Id. at 145-48. The same scientific evidence responsible for revealing the constitutional infirmity of mandatory minimum sentencing statutes for juveniles . must continue to inform judges in performing their difficult job of applying the relevant factors to decide if juveniles should be ineligible for parole for a minimum period of their incarceration. This testimony can help to explain juvenile behavior in the context of the relevant factors and give new understanding of the factors. It may even caution judges against using .past attitudes ,and reasoning about juvenile crimes when applying the factors. Under this approach, actual sentencing outcomes will become better aligned with the purpose and goal of eliminating overly harsh sentences for juveniles. In this case, the critical conclusions drawn by the district court at the sentencing hearing were not grounded in science but rather based on generalized attitudes of criminal behavior that may or may not be correct as applied to juveniles. Juvenile sentencing is now driven in large part by the development of brain science, and more evidence was needed for the district court to properly conclude White was more mature and less impetuous because his three arrest's gave him a greater appreciation of the risks and consequences of his actions, Likewise, more evidence wás needed to conclude White's discipline record in prison made him less amenable to rehabilitation. We recognize the district court in this case did not have the benefit of Roby at the time of the resentencing hearing. Had the decision ■ been available, we are confident the district court would have followed a more rigorous and careful analysis of the relevant sentencing factors. Nevertheless, an abuse of discretion occurred and White is entitled to be resentenced under the approach identified in Roby. IV. Sentencing Authority of the District Court. We reject the claim by White that the district court had no authority to resen-tence him under Iowa Code section 902.12. In Lyle, we found the statute unconstitutional under the cruel and unusual punishment clause of the Iowa Constitution; but only because the period of incarceration without parole was imposed without an individualized hearing. Lyle, 854 N.W.2d at 402-03. Thus, Lyle did not declare the entire statute unconstitutional, but merely wrote into the statute the requirement of an individualized assessment hearing. V. Conclusion. We conclude White is entitled to be re-sentenced in light of Roby. Accordingly, we reverse the resentencing order of the district court and remand the case for resentencing. DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED. Wiggins, Hécht, and Appel, JJ.,'join this opinion, Hecht, J.,’ separately files a special concurrence. Appel, J., separately files a special'concurrence in which Wiggins, J., joins. Mansfield, J., files a dissenting opinion in which Waterman and Zager, JJ., join.